(S. C., 9 N. Y. 476.)

---

INGALLS and STOCKMAN *against* MORGAN, Executrix, &c.

*Notice to agent, when notice to principal; duty of creditor having two securities for his debt.*

IN November, 1836, Austin Cross confessed a judgment, by bond and warrant of attorney, in favor of the defendant for $20,000. The bond was conditioned to

pay $4,713.98 and interest, and future advances. By a written agreement, made at the same time, the defendant promised to make further advances to Cross, until the amount (including his prior indebtedness) should reach $10,000, for which the judgment was to stand as security; and Cross promised to assign to the defendant, as further security, notes and mortgages to the amount of ten thousand dollars, and to keep that amount of such securities in her hands.

Advances were made which increased the indebtedness of Cross to over $8,000, and he assigned notes and mortgages as security therefor, at different times, amounting to $12,000 and upwards. The bond and warrant of attorney, and the agreement were drawn, and the judgment perfected, by Mr. Ames, who received the securities, and acted throughout the transactions between Cross and Mrs. Morgan as her agent and attorney.

In March, 1837, Cross sold to Ingalls, one of the plaintiffs, and to Beardsley, of whom the other plaintiff is the grantee, a lot of land, on which the judgment was a lien for $1,800, which was paid by the purchasers in three notes, one of $800, and two of $500 each; and they received from Cross a conveyance of the lot, with covenant of warranty. Ames drew the conveyance, and was informed of the terms of the sale. Two witnesses testified that he was asked, at the time of the sale, if the lot was incumbered, and that he replied that it was not. This was denied by Ames, but he stated that he did not inform the purchasers that the lot was incumbered. The three notes were on the same day, or within a day or two after, delivered to Ames, as the agent of Mrs. Morgan, to be held as security for the judgment. Ames knew, when he received the notes, that they were given in payment for the land.

Ames afterwards surrendered to Cross, notes and securities to the amount of upwards of $5,000, including the two $500 notes given for the land. Those notes

were afterwards paid by the makers. The $800 note was also paid, and the amount applied on the judgment.

Cross subsequently failed — execution was issued upon the judgment — and after selling his personal property, about $4,000 remained due on the judgment, to satisfy which the lot sold by Cross to Ingalls and Beardsley was advertised for sale. The bill in this cause was filed to obtain a perpetual injunction against the sale of the lot on that judgment, and it was granted by the Supreme Court. On appeal it was

*Held*, that notice to Ames, the defendant's agent, of the sale and conveyance of the lot, and that the notes received by him were given in payment for it, was notice to the plaintiff of those facts:

That the receipt of the notes by the defendant, with knowledge of their consideration, created, in equity, a duty on her part to apply the proceeds of the notes in reduction of her judgment, but did not affect her lien upon the lot as security for the residue of the judgment, in case it should not be otherwise satisfied:

That, after notice to the defendant of the sale of the lot and payment therefor, she was bound, in equity, to retain all the *other securities* in her hands, and to apply their proceeds in satisfaction of the judgment, before resorting to the lands which had been so sold and paid for:

That the surrender to Cross of a part of those securities, sufficient to have satisfied the judgment, entitled the purchasers to have their land discharged from its lien. The decree awarding the perpetual injunction was therefore affirmed.

(S. C., 12 Barb. 578; 10 N. Y. 178.)